# THE STATE v. JOSEPH GOODE, Appellant.

### Division Two, May 29, 1917.

1. **STATEMENT AT CORONER'S INQUEST: Voluntary.** The statement made by defendant at the coroner's inquest into the cause of the death of the person killed by him may be introduced by the State at his trial for murder, if it was voluntary; and if he was subpoenaed to appear at the inquest, and was told by both the coroner and prosecuting attorney that he did not have to make any statement unless he wished to do so, and there is no evidence of imposition, although he was questioned by the prosecuting attorney and was not told that any statement he might make might be used against him, the statement made by him and put in writing and signed by him was voluntary, and no reversible error was committed in permitting the State to put it in evidence at his trial.

2. **SELF-DEFENSE: Instruction: Withdrawal: Revivor.** An instruction telling the jury that if defendant voluntarily entered the difficulty with deceased for the purpose of seeking an opportunity to kill him or do him some great bodily injury, "then in such case defendant should not be acquitted on the ground of self-defense, however imminent his danger might afterwards have become," ignores and excludes defendant's right of self-defense in view of evidence tending to show his attempt to withdraw from the difficulty. The law is that, although defendant may have brought on the difficulty with the intent to kill deceased, yet if he was attempting to withdraw from the difficulty and was fleeing from deceased in good faith for the purpose of such withdrawal, and if deceased, knowing that he was endeavoring to withdraw from the conflict, pursued him and sought to kill him or do him some great bodily harm, then the defendant's right of self-defense revived.

3. **EVIDENCE: Prior Violence Towards Person Defended.** Previous threats and acts of violence towards the person defended is competent evidence on behalf of defendant. Where deceased threatened his wife (defendant's mother) with an axe and defendant hastily secured a shot-gun and demanded that his father should put down the axe and in a difficulty which followed with shot-guns the father was killed, it was error to refuse to permit defendant to prove by his mother that deceased, about eighteen months prior to his death, in a fit of passion, struck his wife, threw her on a bed and was choking her when pulled off by an elder son; and that defendant was present and saw it.

4. **DEFENDANT AS WITNESS: Instruction: Credibility.** An instruction telling the jury that defendant is a competent witness in his own behalf, "but in determining what weight you will give to his testimony you may consider the fact that he is the defendant, on trial, and testifying in his own behalf," is erroneous under the ruling in State v. Finkelstein, 269 Mo. 612.

Appeal from Texas Circuit Court.—*Hon. L. B. Woodside,* Judge.

REVERSED AND REMANDED.

*Hiett & Scott, Lamar & Lamar* and *T. J. Hale* for appellant.

(1) (a) Defendant's statement at the coroner's inquest was not a voluntary statement and should not have been admitted in evidence. State v. Young, 119 Mo. 517-522; State v. Naughton, 221 Mo. 398; State v. Thornton, 245 Mo. 440; State v. Thomas, 250 Mo. 211; State v. Motsinger, 180 S. W. 856. (b) If this statement was permitted to go before the jury, then defendant was entitled to an instruction submitting the question to the jury of whether or not such statement was a voluntary statement. State v. Thomas, 250 Mo. 215. (2) The court should have permitted Mrs. Goode to testify concerning the former assault upon her by the deceased in the presence of the defendant. The defendant had the same right under the law to defend his mother that he had to defend himself. R. S. 1909, sec. 4451; Kelly's Crim. Law (2 Ed.) p. 462, sec. 523; 21 Cyc. 826d-893; 21 Cyc. 972e; State v.

Wilson, 250 Mo. 330; State v. Felker, 27 Mont. 451; State v. Foster, 102 Tenn. 33; State v. Sinclair, 250 Mo. 290; State v. Turner, 246 Mo. 617. (3) The court erred in giving Instruction 3 for the State. This is a palpable comment on the defendant's evidence. State v. Finkelstein, 269 Mo. 612; State v. Evans, 267 Mo. 163; State v. Mintz, 246 Mo. 540. (4) Instruction 4, given by the State, should not have been given because there is no evidence on which to base such an instruction. State v. Larkin, 250 Mo. 245; State v. Elsey, 201 Mo. 561; State v. Bartlett, 170 Mo. 672; State v. Little, 228 Mo. 309. The uncontradicted evidence shows that defendant was running and being pursued by his father when the fatal shot was fired. If he had withdrawn in good faith from the difficulty and was fleeing, and was pursued, the right of self defense revived, although he had voluntarily brought on the difficulty. This instruction ignored this right and practically deprived the defendant of all right of self defense. State v. Wilson, 242 Mo. 499; State v. Heath, 237 Mo. 267; State v. Heath, 221 Mo. 589; State v. Cable, 117 Mo. 385; State v. Partlow, 90 Mo. 627; State v. Lockett, 168 Mo. 480; State v. Little, 228 Mo. 306; State v. Rapp, 142 Mo. 443; State v. Adler, 146 Mo. 18; State v. Sebastian, 215 Mo. 58. (5) (a) The evidence is not sufficient to sustain a conviction. Under the undisputed evidence, the killing was justifiable, and this court should not only reverse the case, but direct the discharge of the defendant on the ground that the evidence clearly shows that the killing was justifiable. State v. Bartlett, 170 Mo. 670; State v. Hogan, 164 Mo. 654; Remarks of Gantt, J., in State v. Talmage, 107 Mo. 572. (b) If defendant and his mother are believed, then their testimony shows beyond question that the killing was in self-defense. If their testimony is not believed, then there is nothing left but conjecture as to how it did occur. A verdict based upon mere suspicion or conjecture will not be permitted to stand. State v. Gordon, 199 Mo. 596; State v. Francis, 199 Mo. 693.

*Frank W. McAllister,* Attorney-General, and *Lewis H. Cook,* for the State.

ROY, C.—Defendant was convicted of murder in the second degree and his punishment was fixed by the jury at ten years in the penitentiary. He has appealed.

On August 9, 1915, defendant shot and killed his father, Fount Goode. Defendant's parents were married in 1887, and had seven children, most of whom were away from home. The defendant was twenty years old and married. He and his wife were living with his parents.

The evidence tends to show the following facts:

In the father's absence the mother and son cut down two plum trees in the yard near the garden. When the father came home in the evening and discovered what had been done he became angry, and dug up some rose bushes and a spirea and threw them out in the road. The mother proceeded to reset the roses, when the father picked up an ax and threatened her with it. The defendant rushed into the house and came back with a shot-gun, and demanded that his father should put down the ax. The father went into the house with the ax and soon after disappeared. He went barefoot and hatless to a neighbor's about three-fourths of a mile distant. The defendant, suspecting that his father had gone for a gun, stood on watch by a machine shed across the road from the house. About dark the father was seen coming with a shot-gun. The defendant told him to "stop." The father fired, one shot hitting defendant's leg, and another the temple, lodging near the ear. The defendant returned the shot and ran, the father pursuing him. The defendant recharged his gun with a shell as he ran and shot his father, killing him. As to the reason why he shot the last time, defendant testified:

"Well, when I turned and looked back he threw up his arms like this (indicating) to shoot again, and I turned and shot."

State v. Goode.

He further testified that his father was about thirty yards from him, and that he shot because he thought his father was raising his gun to shoot him.

There was some evidence as to previous threats by defendant against his father.

The defendant was by the State subpoenaed as a witness at the coroner's inquest. The statement made by him on that occasion, put in writing, and signed by him, was read in evidence at the trial over defendant's objection. There was evidence at the trial that the defendant was told by both the prosecuting attorney and the coroner at the inquest that he did not have to make a statement unless he wanted to do so. The evidence further showed that defendant was questioned by the prosecuting attorney while he was making such statement. He was not there told that any statement he should then make might be used against him. There was no evidence of any imposition upon the defendant, or of any improper conduct towards him by the coroner or prosecuting attorney or any one else at the inquest; nor was there any evidence tending to show that such statement of defendant was not purely voluntary on his part.

During the trial the defendant offered to prove by his mother that the deceased, about a year or a year and a half prior to his death, in a fit of passion, struck his wife, threw her on the bed, and was choking her and was pulled off by an older son, and that the defendant was present and saw it. The defendant when making said offer stated that it was for the purpose of showing that defendant had reasonable cause to apprehend that his father would do his mother some personal injury. Such offer was objected to by the State and the objection was sustained.

The court, among the instructions for the State, gave number 3, as follows:

"The defendant is a competent witness in his own behalf and his testimony should be considered by you in making your verdict, but in determining what weight you will give to his testimony you may consider the fact that

he is the defendant, on trial, and testifying in his own behalf.''

Instruction 4 for the State was as follows:

''If you find from the evidence in this case that the defendant willingly and voluntarily entered into the difficulty with the deceased, Fount Goode, for the purpose and with the intent of seeking an opportunity in such difficulty to kill the said Fount Goode, or do him some great bodily injury, then in such case he should not be acquitted on the ground of self-defense, however imminent his danger might afterwards have become in such difficulty.''

I.   There was no error in the admission in evidence of defendant's statement made at the coroner's inquest.

Statement at Coroner's Inquest.   The question of the competency of such statement was thoroughly discussed in State v. Young, 119 Mo. 495, where it was said (l. c. 519):

''The great question after all is, was the statement voluntary; and it must be determined from the facts in each case.''

In that case, as here, the defendant was subpoenaed before the coroner, but in that case the defendant, so far as it appears, was not told that he need not make any statement unless he wished to do so; but on the contrary the court said: ''The defendant was not suffered to make one statement of his own suggestion and accord.''

Surely the fact that defendant was subpoenaed before the coroner was entirely nullified by the action of the officers in assuring him that he was under no compulsion to make a statement.

II.   Instruction 4 given for the State is not the law in this case.   It ignores and excludes the defendant's right of self-defense.   Although he may have brought on the difficulty with the intent to kill his father, still, if

Self-Defense.   he was attempting to withdraw from the difficulty, and was fleeing from his father in good faith for the purpose of such withdrawal, and if his

father, knowing that defendant was endeavoring to withdraw from such conflict, pursued defendant and sought to kill him, or do him some great bodily harm, then the defendant's right of self-defense revived. There being evidence in this case tending to show an attempt on the part of the defendant to withdraw from the difficulty it was error for the court by that instruction to exclude that question from the consideration of the jury as was done by that instruction.

III. The exclusion of the evidence offered by defendant to show previous acts of violence on the part of Fount Goode towards his wife was error. In **Violence to Person Defended.** State v. Wilson, 250 Mo. 1. c. 329, it was held that previous threats and acts of violence by the deceased towards the accused may be shown in evidence.

The Cyclopedia of Law and Procedure says, Vol. 21, p. 972: "Every fact which would be competent to establish justification in the case of a person killing another in self-defense is competent to establish it in the case where the killing was done in defense of another. Thus defendant may show that deceased was assaulting or attacking the person defended; that deceased entertained hostile feelings toward, and had made threats against, and assaults on the person defended." [See also State v. Felker, 27 Mont. 451, and Foster v. State, 102 Tenn. 33.]

IV. Instruction 3 given for the State on the subject of weight to be given defendant's evidence, under the ruling in State v. Finkelstein, 269 Mo. 612, is error.

The judgment is reversed and the cause remanded.

*White, C.,* concurs.

PER CURIAM:—The foregoing opinion of Roy, C., is adopted as the opinion of the court. All of the judges concur.