STATE of Missouri, Plaintiff-Respondent,

v.

Luther BLAIR, Defendant-Appellant.

No. 7368.

Springfield Court of Appeals.

Missouri.

June 15, 1955.

---

Not to be published in State Reports.

Wayne W. Waldo, Waynesville, for plaintiff-respondent.

Roy V. Selleck, Rolla, for defendant-appellant.

RUARK, Judge.

Luther Blair was, in magistrate court, charged and convicted of common assault. Upon appeal to circuit court and after one mistrial he was found guilty by a jury and fined $1, and he appeals from judgment thereon. Respondent filed motion to dismiss this appeal on the ground that appellant's brief does not contain a concise statement of facts, does not contain the points relied on, does not specify any allegations of error, does not contain a citation of authorities. This motion was taken with the case and is now overruled.

On appeal in a criminal case where no brief is filed we will examine the record proper and look to the assignments in the motion for new trial to determine whether error was committed; but if a brief has been filed any assignments in the motion for new trial which are omitted in the brief will be ignored as having been abandoned. State v. Kelly, Mo.Sup., 258 S.W.2d 611; State v. Boyd, Mo.Sup., 256 S.W.2d 765; State v. Slaten, Mo.Sup., 252 S.W.2d 330; State v. Hadley, Mo.Sup., 249 S.W.2d 857; State v. Johnson, 362 Mo. 833, 245 S.W.2d 43. The principal portion of appellant's brief is devoted to a copy of the record proper, abstract of evidence and copy of all instructions given and refused. No assignment of errors as such is separately made and the brief contains no points and authorities. However, by referring to appellant's printed argument we find three items which are called to our attention and are evidently intended to be assigned as error. The first such assignment deals with alleged misconduct on the part of the deputy sheriff in charge of the jury. Paragraph 17 of the motion for new trial charged that the court erred in permitting H. D. Gray, a deputy who had charge of the jury and who was a state witness, upon two different occasions to enter the jury room and close the door after him during the deliberations of the jury. Accompanying the motion for new trial is the affidavit of defendant made "according to his best knowledge, information and belief" that during the deliberations of the jury he, the defendant, was seated in the courtroom awaiting the verdict, that the jury deliberated for more than two hours and that during the deliberations the deputy sheriff in charge of the jury "and who did" (sic) upon two different occasions during said deliberations enter the jury room and upon one occasion closed the door and remained therein five minutes or more. The affidavit further states that during the noon recess of the trial said deputy sat at a lunch counter with two jurymen and engaged them in conversation for more than thirty minutes. The occurrence involving the conversation in the cafe is not complained of in the motion for new trial. We are not able to say whether defendant by his affidavit intended to state that the misconduct was a matter of his own knowledge or whether he acquired such information from other persons. The trial was held, and the alleged misconduct occurred, on the 6th day of January, 1954, and the motion for new trial and accompanying affidavit were filed on January 15 following. The record does not show the filing of any counter affidavit by the state nor the offer or taking of any evidence on this question. We are therefore left with the bare affidavit of the appealing defendant to support such charge.

■ We do not condone and we do condemn any procedure whereby the officer or any other person closets himself with the jury during its deliberations, but we do not know that such was done and the question has not been properly brought here for our consideration. Such charges of misconduct usually involve questions of fact which should be first presented to and determined by the trial judge, and we will usually defer to his finding and presume that he (and the jury) acted rightly in the absence of strong showing to the contrary. State v. Ferguson, 353 Mo. 46, 182 S.W.2d 38, 45; State v. Flinn, Mo.Sup., 96 S.W. 506, 513; State v. McGee, 336 Mo. 1082, 83 S.W.2d 98, 104; State v. Coleman, 264 Mo. 435, 175 S.W. 209, 210. One claiming misconduct affecting the jury must promptly call such to the attention of the court upon first knowledge of the defendant or his attorney and opportunity so to do. If not so called to the attention of the court at the time it must affirmatively appear that defendant and his counsel were ignorant of the misconduct at that time. A defendant having such knowledge cannot await the result of the trial, and if he loses his gamble take advantage of it by first asserting such in his motion for new trial. State v. Maples, Mo.Sup., 96 S.W.2d 26, 30; State v. Richardson, 194 Mo. 326, 92 S.W. 649, 653; State v. Gilmore, 336 Mo. 784, 81 S.W.2d 431, 433; State v. Cooper, Mo.Sup., 271 S.W. 471; State v. Glazebrook, Mo. Sup., 242 S.W. 928, 934. The affidavit supporting the charge "should be full and explicit, indicating fully as to whether or not he was an eyewitness—that is, witnessed personally the misconduct—or, if not, as to the persons from whom he obtained the information, and further indicating at least some sort of a reason why he is unable to secure the affidavit of any other witnesses aside from himself to support his motion for a new trial. The trial judge is entitled to have the presumption indulged that he dealt fairly and impartially with the defendant in the trial and disposition of his case." State v. Page, 212 Mo. 224, 110 S.W. 1057, 1061; State v. McVey, Mo.Sup., 66 S.W.2d 857, 859; State v. Flinn, supra, 96 S.W. loc. cit. 513; State v. McGee, supra, 83 S.W.2d loc. cit. 104; State v. Beedle, Mo.Sup., 180 S.W. 888, 890. We will not convict the trial court of error in refusing to grant a new trial on the unsupported, indefinite (and in this instance ambiguous) affidavit of a convicted defendant. If appellant had evidence to support his charge he should have proffered such proof. While we do not say that such proof might not be presented by proper affidavits, it will be noted that in practically all of the cases where the appellant successfully challenged the verdict on the ground of misconduct, evidence was offered and heard on the question in the trial court and the appellate court had the record of such testimony before it.

■ The second complaint in appellant's argument which we accept as an assignment of error refers to "the instruction offered by defendant relative to the right granted a citizen to protect his wife, when he believes she is in danger of being assaulted by a stranger, have (sic) been approved by our appellate courts. This is elementary. It is the law of our land." The instruction so offered is not designated by number, but we interpret the argument as referring to defendant's instruction D–B, refused, wherein the jury were told that if they found defendant struck the prosecuting witness whilst he was advancing toward the wife of the defendant, in a threatening manner, and that he struck the prosecuting witness * * * for the sole purpose of stopping him and preventing prosecuting witness from assaulting his wife * * * and that the defendant believed his wife was in imminent and impending danger * * * then the jury should find the defendant not guilty.

The record of the evidence shows defendant denied that he ever struck the prosecuting witness. His testimony (contrary to all other witnesses except his wife) was that his wife was standing on the porch where she had taken two steps outside the front door; that at that time he, the defendant, the prosecuting witness, a state highway patrolman and a deputy sheriff were standing down on the ground

some fifteen feet away from the house; that at such time the prosecuting witness said, in reference to a statement made by defendant's wife, "That was a damn lie," and (defendant's statement) "started toward her and made a step or two toward her. Now he was fussing with her. He never did fuss with me. And when he did that, I grabbed at him to stop him. He was making advances toward her." Conceding a right in the defendant to defend his wife when threatened with imminent assault, and assuming but not holding that the evidence warranted an instruction on such defense, we find the instruction as proffered was deficient in that it directed a verdict of not guilty if the defendant believed his wife was in imminent danger of assault, without requiring the jury to find that the defendant *had reasonable cause for such belief*. State v. Daugherty, Mo.Sup., 196 S.W.2d 627, 628; State v. Mazur, Mo. App., 77 S.W.2d 839; State v. Huett, 340 Mo. 934, 104 S.W.2d 252; State v. O'Leary, Mo.Sup., 44 S.W.2d 50; Daggs v. St. Louis-San Francisco Railway Co., 326 Mo. 555, 31 S.W.2d 769, 770.

The third complaint which we accept as an assignment is that the trial court refused to permit defendant to testify that he feared for the safety of his wife on this occasion. We note that later in the trial defendant did testify without objection that he was in fear for his wife. Hence there is no harmful error. State v. Finn, Mo. Sup., 243 S.W.2d 67, 71. But the question is not before us, because the only assignment in the motion for new trial in respect to exclusion of evidence is paragraph number 3, which states that "the court erred in excluding legal and competent testimony and evidence offered by the defendant at the trial." Supreme Court Rule of Criminal Procedure 27.20, 42 V.A.M.S., and the statute, Section 547.030 RSMo 1949, V.A. M.S., require that the motion for new trial in a criminal case shall set forth in detail and with particularity the specific grounds and causes therefor. Appellant's assignment was too broad and preserved nothing for review. State v. Jonas, Mo.Sup., 260 S.W.2d 3; State v. Pierce, Mo.Sup., 236 S.W.2d 314; State v. Cook, Mo.Sup., 44 S.W.2d 90, 93; State v. Harris, 337 Mo. 1052, 87 S.W.2d 1026, 1027; State v. Tillet, Mo.Sup., 233 S.W.2d 690.

We have examined the record proper and find no error. The judgment is affirmed.

McDOWELL, P. J., and STONE, J., concur.