**STATE of Missouri, Respondent,**

v.

**Harold POWELL, Appellant.**

No. 46186.

Supreme Court of Missouri,

Division No. 1.

Nov. 12, 1957.

Blackford, Imes, Compton & Brown, J. William Blackford, Kansas City, for appellant.

John M. Dalton, Atty. Gen., John W. Inglish, Asst. Atty. Gen., for respondent.

WESTHUES, Judge.

Harold Powell was convicted in the Circuit Court of Clay County, Missouri, on a charge of operating a motor vehicle while in an intoxicated condition. A jury assessed his punishment at 30 days' imprisonment in the county jail. From the sentence imposed, he appealed to this court.

The offense of which Powell was convicted is a felony. Sec. 564.460, RSMo 1949, V.A.M.S. All sections of the statutes hereinafter cited will be from RSMo 1949, V.A.M.S., unless otherwise noted. This court has jurisdiction to review the case on appeal.

The State's evidence was that on May 17, 1956, at 8:30 p.m., Powell was driving a farm tractor east on State Highway 92, a few miles east of Smithville, Missouri. Don Baxter, a deputy sheriff, testified that on the evening in question, he was driving east on Highway 92 and came upon Powell and noticed the tractor did not have any lights; that he stopped Powell and found that he was intoxicated. The deputy sheriff arrested Powell and placed him in the county jail.

Defendant denied he was intoxicated; that he had consumed two cans of "3.2 beer" at Smithville; that at the time he was arrested, it "wasn't too dark." "Well, it was getting darker." He stated the time of the arrest was not 8:30 p. m., but was about 8 p.m.

Defendant, in his brief, says the trial court erred in not directing a verdict of not guilty for the reason that a "farm tractor is not a motor vehicle" within the meaning of Sec. 564.440. That is the chief point made by the defendant. Before considering that question, we shall dispose of a number of other points briefed.

■ Defendant claims that the trial court erred in permitting a witness to testify as to his opinion that defendant was intoxicated. There is no merit in this contention. The witness not only gave it as his opinion that defendant was intoxicated but in addition thereto related the facts upon which he based his opinion. The witness testified that the defendant's "gait was very wobbly. He had to be assisted into the jail by another deputy that was there at the time. * * * He admitted he'd been drinking. * * * There was a very strong odor of alcohol on his breath." There was no error in permitting the witness to express his opinion that defendant

was intoxicated. 32 C.J.S. Evidence § 508, p. 183; State v. Revard, 341 Mo. 170, 106 S.W.2d 906, loc. cit. 909(7, 8).

Defendant asserts that the trial court erred in permitting the deputy sheriff to testify as to the conduct and the conversation of the defendant because it was shown the arrest was unlawful. In the brief, defendant says, "The only grounds that Deputy Sheriff Baxter had for stopping and arresting defendant was, 'I saw no lights on the tractor and I saw the six-pack of beer.' A tractor does not have to have lights (304.280), unless they are on the highway *when lights are required* (304.-310). Section 304.270 states that 'lighted lamps are required,' a half hour after sunset. The record is silent as to the time of sunset on May 17, 1956, so it was never proved that lights should have been on the tractor. There is nothing illegal about having a six-pack of beer on a tractor, so the Deputy Sheriff had nothing upon which to base his arrest, and the testimony should have been excluded. State v. Cuezze, Mo., 249 S.W.2d 373."

Sec. 304.310 provides in part that "No person shall drive, move, park or be in custody of any vehicle or combination of vehicles on any street or highway during the times when lighted lamps are required unless such vehicle or combination of vehicles displays lighted lamps and illuminating devices as this chapter required."

■ The State's evidence was that defendant was driving his tractor on a public highway at 8:30 p.m., without lights. This court takes judicial notice of the fact that the sun sets before 8:00 p.m., on May 17. Haley v. Edwards, Mo., 276 S.W.2d 153, loc. cit. 161(12, 13). Sec. 304.270 fixes the time when lights are required on vehicles on the highways at "a half-hour after sunset." There is no merit in defendant's contention.

In point five of his brief, defendant says that "By reason of this conviction and under other statutes of the State of Missouri appellant will forfeit his driver's license and such forfeiture deprives this appellant of his rights guaranteed under the State and Federal Constitutions, to-wit: By forfeiture of his estate upon a conviction for felony." Sec. 302.271(2) provides for the revocation of driver's license after a conviction on a charge of "Driving a motor vehicle under the influence of intoxicating liquor or a narcotic drug;". There is no evidence in this case that defendant's driver's license was revoked. The validity of Sec. 302.271, supra, is not involved in this prosecution.

We shall now devote our attention to the question of whether a "farm tractor" is a motor vehicle within the terms of Sec. 564.-440, supra. Unless the statutes pertaining to the regulation, taxing, and licensing of motor vehicles expressly exclude or exempt farm tractors therefrom, they are included because farm tractors are motor vehicles. Webster's New International Dictionary (2d. Ed.) gives a definition of "tractor" as "An automotive vehicle used for drawing or hauling something, as a vehicle, plow, harrow, or reaper." See also 60 C.J.S. Motor Vehicles § 8, Tractor, p. 118; 27 Words and Phrases, Motor Vehicle Carrier, p. 707, Tractor; State ex rel. Rice v. Louisiana Oil Corporation, 174 Miss. 585, 165 So. 423, loc. cit. 425(2, 3); Thompson v. Georgia Power Co., 73 Ga.App. 587, 37 S.E.2d 622, loc. cit. 630(14). Sec. 564.440, supra, is brief but all inclusive. It reads: "No person shall operate a motor vehicle while in an intoxicated condition, or when under the influence of drugs." Sec. 564.460 prescribes the penalty for violation of Sec. 564.440, supra. Chapter 564, entitled "Offenses Against Public Health and Safety," must be interpreted so as to carry out the purposes of the Act. State v. Tacey, Vermont, 102 Vt. 439, 150 A. 68, 68 A.L.R. 1353, loc. cit. 1355, 1356. We do not find any provision in any of the sections embraced within Chapter 564 which would indicate that the legislature intended to exempt farm tractors from the provisions of

**534**

Secs. 564.440 and 564.460, supra. Nor can we think of any good reason for which farm tractors should be exempted from the provisions of these sections. A farm tractor meandering down a public road in charge of an intoxicated driver would certainly create a hazard to the traveling public.

Defendant argues that there is no section in Chapter 564 which defines motor vehicle; that, therefore, the definition of motor vehicles must be found elsewhere. Defendant then cites to us Sec. 301.010(15) and Sec. 303.020(5). Chapter 301 governs the registration and licensing of motor vehicles and outboard motors. Sec. 301.010 (15) of that chapter defines "motor vehicle" as "any self-propelled vehicle not operated exclusively upon tracks, except farm tractors." Chapter 303 is designated as "Motor Vehicle Safety Responsibility Law." Sec. 303.020(5) exempts farm tractors from the definition of "motor vehicles" for the purposes of registration and licensing. The legislature evidently understood that unless farm tractors were expressly exempted from the provisions of Chapters 301 and 303 such tractors would come within the term "motor vehicle." It is also evident that the legislature did not intend that farmers should be required to purchase license plates for farm tractors and that such tractors should also be exempt from the provisions of the Safety Responsibility Law. There is good reason for such an exemption; farm tractors are used primarily in the fields for the purpose of cultivating and reaping crops. However, farm tractors come within the provisions of the laws governing safety. This is made evident by Chapter 304 which is entitled "Traffic and Equipment Regulations." Sec. 304.260 reads in part as follows: "Farm tractors when using the highways in traveling from one field or farm to another, or to or from places of delivery or repair are exempt from the provisions of the law relating to registration and display of number plates, but shall comply with all the other provisions hereof."

 The fact that the legislature expressly exempted farm tractors in Chapters 301 and 303 tends to support the theory that farm tractors come within the definition of "motor vehicle." If that were not so, then the exemption would be entirely unnecessary. We rule that farm tractors do come within the term "motor vehicle."

We have examined the record and find no error relating to matters not required to be preserved in the motion for new trial.

The judgment is affirmed.

All concur.