**STATE of Missouri, Respondent,**

v.

**Lowell John THOMAS, alias John Lowell Thomas, Appellant.**

**No. 53854.**

Supreme Court of Missouri, Division No. 1.

March 10, 1969.

Norman H. Anderson, Atty. Gen., Jefferson City, Donald R. Duncan, Sp. Asst. Atty. Gen., Springfield, for respondent.

Daniel, Clampett, Ellis, Rittershouse & Dalton, L. W. Hannah, Springfield, for appellant.

HENLEY, Presiding Judge.

Lowell John Thomas, hereinafter referred to as defendant, appeals from a judgment sentencing him to imprisonment for five years upon his conviction by a jury of stealing more than $50. Sections 560.156 and 560.161, subsection 1, subdivision (2).[1]

The issues relate to (1) whether the evidence is sufficient to sustain the conviction, and (2) the admissibility of evidence.

The substance of the information is that on October 8, 1967, defendant did feloniously steal a 1955 Ford 2-door sedan, of the value of more than $50,[2] from Robert L. and Viola Stevenson, the owners, by obtaining and retaining possession of the automobile and exercising dominion over it in a manner inconsistent with the rights of the owners.

Defendant offered no evidence; he stood on his motion for judgment of acquittal made at the close of the state's case. Defendant contends that the court erred in overruling this motion, because the evidence presented by the state raised only a suspicion of guilt, was insufficient to submit the case to the jury, and is not sufficient to sustain the conviction. He asserts, in this connection, that although the automobile was legally the property of the Stevensons, they had, in fact, given it to their son, Douglas, a minor; that he drove the car on October 8, 1967, with Douglas' permission; that the mere fact that he left and was not seen again in Springfield, Missouri, until March, 1968, and that the car "* * * was subsequently recovered in Pennsylvania * * *" raises a mere suspicion of guilt insufficient to sustain his conviction of stealing. He asserts also, in this connection, that the fact that Douglas gave him permission to drive the car and the fact that he had "discussed" buying the car with Mr. Stevenson and with Douglas negates any inference that he intended permanently to deprive the owners of its use.

Robert L. Stevenson testified that he and Mrs. Stevenson own the automobile described in the information; that its market value is $100; that they bought it for use by their son, Douglas, age 18; that Douglas left Springfield to enter the Service on October 9, 1967, and is now stationed at Keesler Air Force Base, Mississippi; that he first became acquainted with defendant Friday, October 6, 1967, when he employed

---

1. All section references are to RSMo 1959, and V.A.M.S.

2. We note that the state assumed an unnecessary burden in alleging and proving the value of the motor vehicle. Section 560.161, subsection 2, subdivision (2).

Thomas to work as a mechanic at his gasoline service station on south Glenstone; that defendant was then living at the local YMCA; that defendant worked Friday, Saturday, and part of Sunday, October 8th; that he paid defendant Saturday night his wages for two days' work and loaned him $10; that defendant knew Douglas was leaving Monday to enter the Service and had mentioned he would like to buy Douglas' car and pay for it out of his wages, but the car had not been sold to defendant; that Douglas gave defendant permission to use the car near the noon hour on the 8th to drive to the Yum-Berger Drive-In to get something to eat; that later that afternoon defendant called him and said he had the car and needed two hours off from work to help his wife (who, he said, had that day arrived in town) find a place they could live; that he gave defendant the time off, but requested that he return to work as soon as he had completed that errand; that defendant did not thereafter return to the service station and he did not see him again until four months later, in Pennsylvania; that late in the day (Sunday, the 8th) he reported to the police that the automobile and defendant were missing; that defendant "checked-out" of the YMCA sometime that day; that a warrant was issued for defendant's arrest when, after search, neither the car nor defendant could be found in Greene county; that in the latter part of January, 1968, he received a telephone call from defendant in which he stated that he understood a warrant had been issued for his arrest for stealing the car, and that defendant asked him " * * * if I wanted the money or the car * * * "; that he told defendant he wanted him " * * * to pay his debt to the law * * * "; that defendant was found in Pennsylvania and he appeared at defendant's extradition hearing in Franklin, Pennsylvania, on February 6, 1968.

This recital of the evidence demonstrates that the state made a submissible case and that the evidence is sufficient to sustain the conviction. The court did not err in overruling defendant's motion for judgment of acquittal. State v. Mace, Mo., 429 S.W.2d 734, 737 [1]; State v. Wishom, Mo., 416 S.W.2d 921, 926 [5].

Defendant's next point is that the court erred in permitting Mr. Stevenson to testify that when he checked the cash register in his service station at the close of business on Sunday, the 8th, it was short $40, because this was evidence of another and independent crime with which defendant was not charged. Defendant made no objection to this evidence at the trial; his objection first appears as an assignment of error in his motion for new trial. Hence, the point is not preserved for review. State v. Anderson, Mo., 375 S.W.2d 116, 120 [8]; State v. Brookshire, Mo., 353 S.W.2d 681, 688 [17].

The judgment is affirmed.

All concur.