STATE of Missouri, Plaintiff-Respondent,

v.

Weldon A. ROBBINS, Defendant-Appellant.

No. 8923.

Springfield Court of Appeals, Missouri.

May 15, 1970.

---

John W. Reid, II, Fredericktown, for plaintiff-respondent.

Charles M. Shaw, Shaw, Hanks & Bornschein, Clayton, for defendant-appellant.

TITUS, Presiding Judge.

A jury found defendant guilty of the misdemeanor of driving a motor vehicle in an intoxicated condition and assessed his punishment at a fine of $100. V.A.M.S. § 564.440, as amended Laws 1963, p. 686, § 1; Laws 1967, p. 410, § 1. He appeals from the judgment and sentence entered in accordance with the verdict.

The initial two points in defendant's brief present nothing for appellate review. They are: "I. The court com-

mitted prejudicial error in admitting into evidence, over the objection of defendant, the testimony of witness Hensley E. De-Spain that defendant was intoxicated. II. The court errored [sic] in admitting the testimony of witnesses Richard Wilcox and Charles Whitehead concerning their opinions that the defendant was intoxicated." These points violate Civil Rules 83.05(a) (3) and (e), V.A.M.R. (made applicable in criminal cases by Rule 28.18, Rules of Criminal Procedure, V.A. M.R.; State v. Conner, Mo., 391 S.W.2d 335, 337–338), because they do not state "why it is contended" the court erred in admitting the testimony of the designated witnesses or "why" such testimony was erroneous. State v. Dennison, Mo., 428 S.W. 2d 573, 579(8); State v. Rapp, Mo., 412 S.W.2d 120, 122(3). Moreover, as regards the first point, by referring to the record and the argument portion of the brief (an exercise strictly ex gratia) we discover that defendant objects here to the testimony of DeSpain on the ground it "constituted a conclusion and invaded the province of the jury by expressing an opinion," whereas defendant's only objection to this testimony at trial was that "I don't believe this witness is qualified to testify to that" or "to answer that." In order to be considered on appeal, a point in a brief complaining of the testimony of a witness must be based upon the same objection made and the same reason assigned at trial when the alleged error occurred. State v. Weindorf, Mo., 361 S.W.2d 806, 810(12); State v. Brookshire, Mo., 353 S.W.2d 681, 688 (17), cert. denied, 371 U.S. 67, 83 S.Ct. 155, 9 L.Ed.2d 119; State v. Slaten, Mo., 252 S.W.2d 330, 333(3). Also apropos point II, the transcript reveals that defendant voiced no objections to the testimony of witnesses Wilcox and Whitehead at the trial when they opined the defendant was intoxicated. Defendant's objections to this testimony first appear as an assignment of error in the motion for a new trial which is too late to preserve the point for appellate review. State v. Thomas, Mo., 438 S.W.2d 174, 176(2); State v. Deutschmann,

Mo., 392 S.W.2d 279, 282(4); State v. Anderson, Mo., 375 S.W.2d 116, 120(8). But be all that as it may, it is not error to permit a witness, who relates the facts upon which he bases his opinion (as was done by each witness in this case), to express an opinion that the defendant was intoxicated. State v. Mayabb, Mo., 316 S.W.2d 609, 612(5); State v. Powell, Mo., 306 S.W.2d 531, 532–533(1), 66 A.L.R.2d 1141, 1144(2); State v. Revard, 341 Mo. 170, 175(3), 106 S.W.2d 906, 909(7); 32 C.J.S. Evidence § 546(27), pp. 175–177.

■ Defendant's third and final point is that "The court committed prejudicial error in failing to declare a mistrial, or *in the alternative*, to grant a new trial when it was learned that juror Walter Graham failed to disclose that he knew the defendant." (Our emphasis). An alternative furnishes a choice between two or more things which, of necessity, must coexist. A mistrial is declared ere a trial is completed to prevent rendition of an improper verdict; a new trial is granted subsequent to consummation of the proceeding usually upon sustainment of a motion therefor due "within ten days after the return of the verdict." V.A.M.R. Criminal Rule 27.20; 58 C.J.S. Mistrial, pp. 833–834; 66 C.J.S. New Trial § 1 c., p. 65. Ergo, a trial court is not contemporaneously endowed with the alternative authority of choosing between the declaration of a mistrial or the granting of a new trial. Defendant did not before verdict request a mistrial, and it flails patency to observe that a claim for a mistrial is inordinately tardy when first made in a motion for new trial or in the brief on appeal. State v. Durham, Mo., 367 S.W.2d 619, 624(8), cert. denied, 375 U.S. 861, 84 S.Ct. 130, 11 L.Ed.2d 89. In any event, defendant's suggestion that the trial court erred in failing to declare a mistrial cannot be sustained.

The transcript on appeal reaches us sans any account of the voir dire examination of the jury panel. There was, however, no

objection made to Mr. Graham serving on the jury until defendant filed his motion for a new trial. It is alleged in the motion that juror Graham testified on voir dire that "he did not know and was not in any way familiar with the Defendant, but in truth and fact did know the Defendant and had known him for some period of time, which knowledge would affect his ability as a juror to * * * arrive at a fair and impartial verdict." Upon the apparent understanding that statements contained in a motion for a new trial do not prove themselves [State v. Taylor, Mo., 327 S.W.2d 880, 884(4)], defendant produced juror Graham's testimony as the only evidence in aid of the motion. Mr. Graham testified he had known the defendant "Over a period of several years," and in response to the inquiry concerning "the time the jury was being empaneled [and] was asked whether any member" knew the defendant, Graham stated: "I didn't say either way, I don't believe * * * I just held up my hand that I knowed him * * * and I don't think anybody said anything * * * I just held up my finger, like that. I don't know whether anybody noticed it or not." The witness further related that the fact he had known the defendant "didn't have any bearing on me * * * I didn't know anything about the case."

A defendant who claims misconduct affecting the jury or a juror is required to call such fact to the court's attention the first moment he becomes possessed of such knowledge and has an opportunity to do so. If a defendant fails to do this at the time the misconduct happens, then, in order that he may later successfully complain thereof, it must be made to affirmatively appear that defendant and his counsel were ignorant of the infraction at the time it occurred. State v. Maples, Mo., 96 S.W.2d 26, 30(13); State v. Blair, Mo.App., 280 S.W.2d 687, 689(2). A defendant aware of a juror's misconduct cannot gamble, through silence, on a verdict of acquittal and, after a verdict of guilty is returned, take advantage of the matter by first asserting it in his motion for a new trial. State v. McQuerry, Mo., 406 S.W.2d 624, 630(11, 12).

It is to be noted that defendant did not allege in his motion and did not undertake to prove that he did not know during voir dire examination or prior to verdict that juror Graham had known him for "several years." Neither the defendant nor the state attempted to ascertain the nature or extent of Mr. Graham's knowledge of defendant, and defendant did nothing to dispel the common understanding that an acquaintanceship is usually mutual. Contrary to the averments made in the motion, there was no evidence that Graham had affirmatively testified on voir dire that "he did not know and was not in any way familiar with the Defendant." Rather, the proof is that Graham "didn't say either way" and "held up my hand" or "held up my finger, like that" to signify "that I knowed him." Gestures employed by Graham to signal that he "knowed" the defendant may not be considered by us on appeal, simply because we did not see them. Caddell v. Gulf, M. & O. R. Co., Mo.App., 217 S.W.2d 751, 755(4). Nevertheless, they were observed by the trial court and it could judge whether such movements were effective to convey the message intended. "The trial judge is entitled to have the presumption indulged that he dealt fairly and impartially with the defendant in the trial and disposition of his case" (State v. Page, 212 Mo. 224, 241, 110 S.W. 1057, 1061), and where a charge of misconduct of a juror involves a question of fact, we will usually defer to the findings of the trial court absent a strong showing to the contrary. State v. Ferguson, 353 Mo. 46, 58, 182 S.W.2d 38, 45; State v. Blair, supra, 280 S.W.2d at 689(3). We deem it unnecessary, however, to indulge any presumption, or to defer to the findings of the trial court or to determine whether in overruling the motion for a new trial the court abused its discretion, "because the motion fails to state when

the alleged misconduct first came to the knowledge of appellant or his counsel. A showing that knowledge of that character first came after submission of the case has always been required in all cases where new trials are asked on account of the misconduct of jurors." State v. McVey, Mo., 66 S.W.2d 857, 859(7–9).

The judgment is affirmed.

STONE and HOGAN, JJ., concur.