STATE of Missouri, Respondent,

v.

Walter SHEPPARD, Appellant.

No. KCD 26870.

Missouri Court of Appeals, Kansas City District.

Nov. 4, 1974.

Willard B. Bunch, Public Defender, Mark D. Johnson, Asst. Public Defender, Kansas City, for appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

Before PRITCHARD, P. J., and SWOFFORD and SOMERVILLE, JJ.

SWOFFORD, Judge.

The appellant, Walter Sheppard, was convicted of Robbery in the First Degree and was sentenced by the jury to a term of fifteen (15) years in the custody of the Missouri Department of Corrections. He perfected a timely and proper appeal from that judgment and sentence.

No point is raised by the appellant as to the sufficiency of the evidence, so no useful purpose would be here served to recount such evidence in detail, except as it bears upon the two points of error urged by the appellant.

He asserts, *first,* that the trial court erred in permitting the introduction of

State's Exhibit No. 8, a card containing latent fingerprints, which prints the police testified were unidentifiable for purposes of comparison; and *second,* that the court erred in refusing to give Instruction B, on circumstantial evidence, offered by the appellant.

On August 18, 1972, at approximately 5:30 p. m., while several route salesmen were checking their day's sales and receipts in a second floor room of the Coca-Cola Company in Kansas City, Missouri, two black males entered the room and one of them announced, "This is a holdup.". While one of these men held the salesmen on one side of the room at the point of a shotgun, the other took the money which the salesmen had been checking in, and the wallets of two of the salesmen. This latter man was described as heavyset, wearing a dark jersey with the sleeves cut out, and a woman's stocking over his face. He did not display any weapon and did all the talking, while his companion remained silent and kept the route salesmen covered with the shotgun.

Before leaving, the heavyset man instructed the salesmen not to move for ten minutes, "else they would have a murder on their hands". He then said to one of the salesmen, Lee Logan, "Instead of that, I'll just take you.", and Logan was forced to accompny the men to the parking lot where they shoved him against a car, entered a light colored 1964 or 1965 Cadillac, and made their escape. Logan obtained the license number of the car, which the police discovered had been reported stolen. The car was found later that night, abandoned, in Kansas City, Kansas.

The police obtained several sets of fingerprints from the automobile and a latent set of prints from the telephone in the route room at Coca-Cola, which one of the salesmen testified had been pulled from the wall by the man with the shotgun. All of these prints were transferred to cards, later marked State's Exhibits 2, 3, 4, 5 and 8,

at the trial. Two sets of defendant's prints were marked State's Exhibits 6 and 7.

The state's experts testified at the trial that the appellant's fingerprints were found on the Cadillac automobile. As to the latent prints from the telephone, as shown on State's Exhibit No. 8, the police expert testified that they were unidentifiable for comparison purposes since they lacked sufficient detail and accordingly the record is silent as to any connection between such prints and the appellant.

When the state made its offer of the fingerprint card exhibits, the prosecutor stated:

"Your Honor, at this time I'd like to offer into evidence State's Exhibits 2, 3, 4, 5, 6, 7 *and 8."* (Emphasis supplied)

The police expert was then asked further questions by appellant's counsel (but not about Exhibit 8). The court then inquired, "Any objection to the exhibits?" to which counsel for appellant replied, "No objections, your Honor".

Without identification or comparison with defendant's prints, it is clear that Exhibit No. 8 was not relevant and should not have been admitted as evidence. It was of no value to the jury in determining the issues. However, the failure of appellant to object to its admission, and, indeed, his consent to its admission, is fatal to the position he assumes here in his first point, even though this point was raised in his motion for a new trial in the court below.

In State v. Brookshire, 353 S.W.2d 681, 688 [17] (Mo.1962), the court reasserted the established principle that a point in the motion for a new trial and on appeal must be based upon objections and the reasons assigned at the time the error occurs. More recently, the court reiterated its adherence to the principle in State v. Sanders, 473 S.W.2d 700, 703 [1] (Mo.1971), where it stated: "For the point relied upon to be preserved for review there should have been a specific objection to the evi-

dence at the time it was offered calling the court's attention directly to the ground now asserted." See also, State v. Robbins, 455 S.W.2d 24, 26 [3] (Mo.App.1970); State v. Thomas, 438 S.W.2d 174, 176 [2] (Mo.1969).

 Neither did the court below commit reversible error by refusing appellant's proffered Instruction No. B on circumstantial evidence. The law in this state requires the giving of an instruction on circumstantial evidence *only* when *all* the evidence in the case is circumstantial. State v. Collor, 502 S.W.2d 258, 260 [3] (Mo. 1973); MAI–CR 3.42, n. 2. In the trial of the case, here reviewed, two of the victims of the robbery gave direct evidence and made in-court identification of the appellant, that he was one of the two persons who committed the robbery. Accordingly, the state's case was not based entirely upon circumstantial evidence and it was not error to refuse Instruction B. *Collor* must control and appellant's second point is without merit.

The judgment is accordingly affirmed.

All concur.