Melvin J. RINEY, Jr., and Phyllis C.
Riney, his wife, Appellants,

v.

ZENITH RADIO CORPORATION,
Respondent.

No. 46665.

Missouri Court of Appeals,
Eastern District,
Southern Division.

March 27, 1984.

J. Michael Payne, Cape Girardeau, for appellants.

James F. Waltz, Cape Girardeau, for respondent.

CRIST, Judge.

Appellants (plaintiffs) appeal from a judgment entered on a jury verdict for respondent (Zenith) on a claim for property damage resulting from a fire allegedly caused by a defective Zenith television. We affirm.

Plaintiffs purchased a new Zenith System-3 25-inch console color television for home use. Thirteen days after delivery, on December 3, 1980, the home was destroyed by fire. There was evidence the fire was probably caused by a defect in the television, but there was also evidence to the contrary. The trial elevated into a battle of experts. The verdict was for Zenith. Plaintiffs raise ten points of error, none of which merit a new trial.

■ Several of plaintiffs' points relied on concern the admission of evidence. Their first point deals with admission of the amount of casualty loss deducted from plaintiffs' Federal Income Tax. The second deals with admission of the amount of a pre-suit demand for payment. Both points relate to the issue of damages, which the verdict shows the jury did not reach. Any error here was therefore not prejudicial. *Cornelius v. Gipe,* 625 S.W.2d 880, 882 (Mo.App.1981).

■ Plaintiffs objected to the admission of photographs of the remaining parts of the television, on the ground the television (which was in evidence at that time) was the best evidence. As the best evidence rule applies only to documentary and not physical evidence, *State v. Firth,* 525 S.W.2d 568, 570 (Mo.App.1975), this was not the proper objection. *See Cheek v. Weiss,* 615 S.W.2d 453, 456 (Mo.App.1981).

■ Plaintiffs assert the court erred in admitting excerpts of the Federal Register containing the information the Consumer Product Safety Commission had decided not to issue safety standards for televisions due to their present safety, claiming that information was irrelevant. Relevancy is largely committed to the discretion of the trial court, *e.g., City of Cape Girardeau v. Robertson,* 615 S.W.2d 526, 531 (Mo.App. 1981), and we find no abuse here.

■ Three of plaintiffs' points relied on concern the testimony of Elwyn Reynolds, an employee of Zenith. The rule excluding witnesses was invoked, but Reynolds, Zenith's major witness, was permitted to remain as Zenith's representative. The trial court has discretion in enforcing the rule of exclusion, and we do not find any abuse of that discretion in this case. *Fischer v. MAJ Investment Corp.,* 631 S.W.2d 902, 905 (Mo.App.1982).

■ Reynolds was allowed to testify no other fires from a failure in this particular model had been reported. Plaintiffs claim such evidence was irrelevant. Relevance, again, is largely for the trial court, and we find no abuse of discretion here. *Russell v. Midwestern Homes & Truss, Inc.,* 514 S.W.2d 651, 652 (Mo.App.1974).

■ Reynolds also testified, as an expert, to his opinion as to the location of the fire's origin, which he placed below and behind the television. Plaintiffs challenge his qualifications to give such expert testimony. The matter of the qualification of an expert is a matter for the discretion of the trial court. *Cheek v. Weiss, supra,* 615 S.W.2d at 456. Without detailing Reynold's qualifications, it is apparent there was no abuse of discretion here.

■ Counsel for plaintiffs, in his rebuttal argument, attempted to argue "fires do not start by themselves." Zenith's objection was sustained on the ground plaintiffs' counsel was attempting to imply defectiveness from the accident, contrary to *Winters v. Sears, Roebuck and Co.,* 554 S.W.2d 565, 570 (Mo.App.1977). While counsel are granted wide latitude in final argument, the trial court has considerable discretion in controlling its extent. *State, etc. v. Hensel Phelps Const. Co.,* 634

S.W.2d 168, 176 (Mo. banc 1982). We find no abuse of that discretion here.

 Plaintiffs challenge Zenith's converse instruction as ambiguous. This instruction was a true converse under MAI–2d 33.01, in the exact words of plaintiffs' verdict director. There was no error in giving this instruction.

Plaintiffs' Point Relied On concerning the court's voir dire interrogation of a juror is devoid of citations of authority and is denied.

Judgment affirmed.

DOWD, C.J., and REINHARD, J., concur.