**STATE of Missouri, Plaintiff-Respondent,**

v.

**Billie Joe HENDRIX, Defendant-Appellant.**

No. 13912.

Missouri Court of Appeals, Southern District, Division Two.

Oct. 21, 1985.

William L. Webster, Atty. Gen., Victorine R. Mahon, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

William A. Moon, Richard W. Moon, Moon, Moon & Moon, Springfield, for defendant-appellant.

PREWITT, Chief Judge.

Following jury trial defendant was convicted of assault in the first degree and sentenced to 10 years' imprisonment. At trial, defendant primarily relied on self-defense and the jury was instructed on that defense by MAI–CR2d 2.41.1. He presents three points on appeal.

In one of his points appellant contends that the court erred in failing to give MAI–CR2d 2.50 regarding character evidence because there was evidence of defendant's character relevant to the offense charged. That instruction is set forth below.[1]

Note 1 of the notes on use following MAI–CR2d 2.50 states:

"1. This instruction must be given in all criminal cases, whether requested or not, 'whenever necessary,' Rule 26.02(6), which means whenever there is evidence

of defendant's general reputation of good character."

■ Whether or not requested, MAI–CR2d 2.50 must be given if there is substantial evidence "concerning the reputation of defendant as to those traits of character which ordinarily would be involved in the commission of an offense such as that charged in this case." *State v. Mahaffey*, 676 S.W.2d 20, 23–24 (Mo.App.1984). Character evidence is allowed on the premise that a person with certain "good" character traits is unlikely to commit a crime inconsistent with those traits. *State v. Allen*, 641 S.W.2d 471, 473 (Mo.App.1982).

■ Where charged with assault, MAI–CR2d 2.50 must be given if there is evidence that the defendant has a reputation within his community as a peaceable and law-abiding person. *State v. Manning*, 682 S.W.2d 127, 131 (Mo.App.1984). See also *State v. Antwine*, 506 S.W.2d 397 (Mo. 1974) (Character instruction must be given in murder case where evidence of defendant's reputation as peaceful, law-abiding citizen); *State v. Jackson*, 373 S.W.2d 4 (Mo.1963) (Evidence of defendant's reputation as peaceful, law-abiding, non-violent person required character instruction in assault case).

The testimony upon which defendant relies for this point came from one of his witnesses. In direct examination the witness was asked about defendant:

Q  Are you acquainted with his general reputation as to truth and veracity, as being a peaceful and law-abiding citizen of the community?

If from all of the evidence in the case, including that relating to those traits of defendant's character which would ordinarily be involved in the commission of the offense charged against him, you are not convinced beyond a reasonable doubt that the defendant is guilty, you should acquit him no matter what his character may have been at or before the time the charge was brought. However, if from all of the evidence in the case, including such evidence of defendant's character, you are convinced beyond a reasonable doubt that the defendant is guilty, you should so find even though he may have been a person of good repute.

---

**1.** MAI–CR2d 2.50 states:

*Character of Defendant Bearing on Guilt or Innocence*

Evidence has been introduced concerning the reputation of defendant as to those traits of character which ordinarily would be involved in the commission of an offense such as that charged in this case. This evidence was received because a jury may reason that a person of good character as to such traits would not be likely to commit the offense charged against the defendant. Therefore, you should consider such evidence along with all of the other evidence in the case in determining the guilt or innocence of the defendant.

A That's right.

Q What is that reputation good or bad?

A I've never known him to do anything unless he is provoked out of the way, you know.

Q What is that reputation? Is his reputation good or bad?

A Good.

■ Construing the testimony of defendant's character in his favor, it was sufficient to put his character in issue. When the witness ultimately answered that defendant's reputation was "good", the witness's prior reference to defendant being "provoked out of the way" indicates that the witness was answering that defendant had a reputation for being peaceful and law-abiding. We hold that MAI–CR2d 2.50 should have been given.[2]

■ Having determined that failure to give that instruction was error, the prejudicial effect of the error must be determined. Rule 28.02(e). Requiring in its notes on use that MAI–CR2d 2.50 be given indicates that failure to give the instruction when required would ordinarily be prejudicial error. That is consistent with cases reversing for failure to give a character instruction. See *State v. Antwine,* supra; *State v. Jackson,* supra. Without the instruction the jurors may not know how they should consider the character evidence. They might not know whether it is relevant to defendant's credibility, or his guilt, or if it should only be considered by them in assessing punishment. In this case defendant is entitled to a new trial because MAI–CR2d 2.50 was not given. Defendant's remaining points will be discussed since they involve matters that may arise on retrial.

■ Defendant contends that the trial court erred in not allowing him to testify to statements made to him by the victim of the assault just before defendant shot the victim with a pistol. The prosecuting attorney objected to those statements on the basis that they were hearsay. As no offer of proof was made it is not possible to tell the contents of the statements sought to be offered. Generally, error in refusing evidence is not preserved for review unless an offer of proof is made by the party seeking to introduce the evidence which demonstrates the relevance of the testimony. *State v. Powers,* 613 S.W.2d 955, 959 (Mo. App.1981). However, for guidance on retrial, discussion of this point continues.

■ What the victim said was not made inadmissible by the hearsay rule unless his statements were offered for the truth of what was said. In this situation, it is unlikely that the statements were being offered for their truth. The statements could have been relevant to movant's claim of self-defense. We are not asked to and do not decide whether the evidence was sufficient to require the submission of self-defense to the jury. On retrial that could depend in part on the statements of the victim.

Missouri authorities hold that where self-defense is an issue, evidence of communicated and uncommunicated threats made by the victim of an assault or murder are admissible in evidence to explain the conduct and apprehension of the defendant, the conduct and attitude of the victim, and to indicate which was the aggressor. *State v. Finn,* 243 S.W.2d 67, 73 (Mo.1951); *State v. Bailey,* 94 Mo. 311, 7 S.W. 425, 427 (1888).

2. It is this writer's personal opinion that character evidence should not be allowed. It serves little, if any, real purpose and leads to abuses on both sides of the issue. Persons with good reputations, and those who present evidence of good reputation, commit crimes. Character evidence would be offered in more cases except for fear that cross-examination of the character witness may indicate incidents or rumors harmful to the defendant. Good character and incidents or rumors adverse to it are collateral to the question of whether the defendant is guilty and are usually insignificant, and often misleading, in the trier of facts' consideration of the main issues. I believe such evidence tends to confuse more than it helps. The opinions of this footnote are not necessarily those of the other judges who voted on this matter. Their concurrences do not mean they agree with this footnote.

Although we find no case in Missouri discussing the hearsay aspect of such statements, other authorities state they do not violate the hearsay rule, *People v. Cameron*, 52 Mich.App. 463, 217 N.W.2d 401, 403 (1974), and Missouri cases allow out-of-court statements in related situations. See *State v. Harris*, 620 S.W.2d 349, 355 (Mo. banc 1981); *State v. Walker*, 484 S.W.2d 284, 287 (Mo.1972); *Bond v. Wabash Railroad*, 363 S.W.2d 1, 5 (Mo.1962); *State v. Herington*, 520 S.W.2d 697, 700 (Mo.App.1975).

In discussing out of court utterances not subject to the hearsay rule, McCormick, Evidence § 249, at 734 (3d ed. 1984) states:

The same rationale applies to proof by the defendant, in cases of assault or homicide, of communicated threats made to him by the person whom he is alleged to have killed or assaulted. If offered to show his reasonable apprehension of danger it is not offered for a hearsay purpose; its value for this purpose does not depend on the truth of the statement.

The same work discusses statements made prior to the act charged which may relate to a defendant's mental state. In § 295 at page 850 it says:

If the accused claims self-defense, and threats of the victim were known to the accused, these threats are admissible to prove the accused's apprehension of danger and its reasonableness. When used for this purpose, of course, the statements of the victim are not hearsay.

In his remaining point movant contends that the trial court erred in allowing the prosecuting attorney to cross-examine defendant's character witness about "previous arrests" of the defendant.

■ The general rule allows the state to cross-examine a character witness about a defendant's prior arrests and specific misconduct for the purpose of testing the trustworthiness, knowledge, and good faith of the witness. *State v. Siems*, 535 S.W.2d 261, 264 (Mo.App.1976). In cross-examination the state may inquire into rumors concerning the character of the defendant. Id. However, the state's questions cannot be asked for the purpose of improperly showing other crimes or to go into collateral details, and the questions must not be argumentative or call for a conclusion or assume facts. Id.

■ Defendant relies upon *Siems*, but it does not control this matter. There, the prosecutor's questioning was much different. No error was present in the questions complained of here.

The judgment is reversed and the cause remanded for a new trial.

MAUS, J., concurs.

HOGAN, P.J., and CROW, J., concur and file concurring opinions.

CROW, Judge, concurring.

I concur in everything in the principal opinion except footnote 2, as to which I take no position, it being unnecessary in the disposition of the appeal.

HOGAN, Presiding Judge, concurring.

I concur fully in the opinion, but wish to make it clear that I would have no part in the abolition of evidence of good character. For years and without question, proof of good character has been regarded as *substantive proof* of the defendant's innocence. *State v. Jackson*, 373 S.W.2d 4, 7 (Mo.1963). Judges may not tend to believe such evidence, but juries do, and in my opinion with good reason. I have made my views plain in *State v. Foster*, 665 S.W.2d 348 (Mo.App.1984), and will not elaborate further at this point. However, I deplore the present profligate tendency to dispense with a criminal defendant's useful and effective protections and to replace them with "scientific" gadgets, pseudo-expertise and constitutional mysticism. I would remind my colleagues that not all complaining witnesses are honorable persons of good will. Sometimes a lonely accused may have only his painstakingly acquired good reputation as a shield. In my view, it is the instruction, not the principle, which is confusing. With this strongly held reservation, I concur.