**STATE of Missouri, Plaintiff-Respondent,**

v.

**Teron BOLEN, Defendant-Appellant.**

**No. 51596.**

Missouri Court of Appeals, Eastern District, Division Three.

May 5, 1987.

Motion for Rehearing and/or Transfer Denied June 9, 1987.

Application to Transfer Denied July 14, 1987.

Charles Clifford Schwartz, Shaw, Howlett & Schwartz, Clayton, for defendant-appellant.

William L. Webster, Atty. Gen., Colly Frissel-Durley, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

KAROHL, Judge.

Defendant was charged with sodomy, § 566.060 RSMo Cum Supp. 1984 and attempted sodomy, § 564.011 RSMo 1978. According to the state's evidence defendant committed an act of manual sodomy on M.H., a twelve year old male, and simultaneously made offers of money or concert tickets to M.H. in conjunction with a request for oral sodomy. This request was refused. The jury found defendant not guilty of the class "B" felony of sodomy. It found defendant guilty of the class "C" felony of attempted sodomy. As a result defendant was sentenced to serve one year in the county jail and pay a fine of $1,000.

Defendant contends that the charged acts constituted one crime and that the not guilty verdict exhausted defendant's criminal responsibility for events that occurred simultaneously. In a related claim defendant asserts that the guilty verdict is inconsistent with the not guilty verdict and, for that reason, must fail. We reserve the defendant's alternative claims in support of a request for retrial.

The direct evidence of defendant's involvement was presented by the testimony of M.H. On February 9, 1984, defendant attended a rock concert with M.H. and two others. Sometime thereafter, and before March 28, 1984, defendant telephoned M.H. and proposed a meeting which M.H. accepted. Ostensibly, the meeting was to discuss a rock concert which would occur on March 28, 1984.

The meeting occurred. Defendant drove M.H. to the home of the father of defendant. While driving defendant asked M.H. to take a "bashful test" and began physical activities with M.H. which would have indicated improper motives to a more experienced person. At the home of defendant's father, the "test" continued which included actions of defendant in masturbating M.H. Efforts of M.H. to terminate the encounter were declined by defendant. The charge of sodomy relates to the acts of masturbation. Simultaneously therewith, defendant requested the permission of M.H. for an act of oral sodomy. In furtherance of the request he first offered a concert ticket, a payment of five dollars and a payment of ten dollars to secure permission. The offers were refused. The charge of attempted sodomy relates to the proposal supported by the offer of consideration as an act in furtherance of the crime.

M.H. first reported the events to his mother in August of 1984. Law enforcement authorities were then informed. The original informations on the charges specified the date of the offenses to be March 16, 1984. By deposition, M.H. testified that that was the date of occurrence. Defendant relied on the defense of alibi. For purposes of this opinion we consider that defendant's evidence of alibi on that date is persuasive. Two months before trial the court permitted the state to amend the information and substitute "March, 1984" for March 16, 1984. During the summer of 1984, M.H. resided with his father in Texas. The report of the offenses was triggered by a telephone call from defendant to M.H. in August, 1984. M.H. testified that the call frighted him.

Defendant was arrested on August 30, 1984. The detective who made the arrest informed defendant that there was a notation on the warrant for arrest that defendant was not to contact M.H. Defendant volunteered a response that he did not know M.H.

The thrust of defendant's first claim of error is that the simultaneous acts of masturbation and the proposal for oral sodomy constitute but one crime. If true, the state improperly split its cause of action by charging separately sodomy and attempted sodomy, therefore the not guilty verdict on the sodomy charge would be conclusive of defendant's innocence. However, Missouri follows the separate or several offense rule which means a defendant can be convicted of several offenses arising from the same set of facts without violation of double jeopardy rights. *State v. Jackson*, 703 S.W.2d 30, 33 (Mo.App.1985). "Multiple charges are permissible if the defendant has in law and in fact committed

separate crimes." *State v. Lint,* 657 S.W.2d 722, 725 (Mo.App.1983). Offenses are not identical when one requires proof of an essential element or fact not required by the other. *State v. Jackson,* 703 S.W.2d at 33.

As a matter of fact and as a matter of law the separate charges describe separate crimes. The crimes are related only by the fact that they were committed, if at all, simultaneously. The elements of the sodomy charge involving defendant and a twelve year old male were deviate sexual intercourse with a person under the age of fourteen years, § 566.060.3 RSMo Cum. Supp.1984. This charge relates only to the alleged masturbation. The elements of attempt sodomy are an act which is a substantial step towards the commission of the offense of sodomy where the offense is not completed, § 564.011 RSMo 1978. All that was required to support the attempt sodomy charge was an intent to perform an act of oral sodomy together with the promises of consideration made and refused. The facts describe separate crimes under separate statutes. As a result the not guilty verdict on the sodomy charge does not prohibit conviction on the attempted sodomy charge.

Defendant also argues that no separate "substantial step" toward the commission of the attempt sodomy occurred. We find the successive offers of consideration are a substantial step because they are "strongly corroborative of the firmness of [defendant's] purpose to complete the commission of the offense", § 564.011.1 RSMo Cum Supp. 1984. This statute does not require that an actual or specific attempt be made to perform each and every element of the crime. *State v. Thomas,* 670 S.W.2d 138, 139 (Mo.App. 1984). The rejected offers suffice.

The sufficiency of the evidence on the charge of attempted sodomy is contested on the further ground that the testimony of M.H. was inherently contradictory and therefore insufficient. Defendant relies on *State v. McElroy,* 518 S.W.2d 459 (Mo.App.1975). *McElroy* stands for the proposition that when a victim's testimony is so unconvincing and contradictory as to cloud the mind of the court with doubt, the evidence must be corroborated. M.H. was confused as to the exact date of the events, his description of the interior of defendant's automobile, and the conversation he had with his mother the night he reported the offenses. However, a child's testimony does not require corroboration merely because he falls into inconsistencies or contradictions on collateral points. *State v. Smith,* 679 S.W.2d 899, 902, 903 (Mo.App. 1984). On the basic facts of the circumstances and the rejected proposal of oral sodomy the testimony of M.H. was clear and certain.

We conclude that on the state's evidence two crimes were simultaneously committed. The state did not err in bringing both charges and the court did not err in submitting both charges. The verdict for defendant on the sodomy charge does not require the verdict on the attempt sodomy charge to be set aside. *See, State v. Olson,* 636 S.W.2d 318, 320 (Mo. banc 1982).

In addition, or in the alternative, defendant contends that the not guilty verdict is inconsistent with the guilty verdict and, as a matter of law, must fail. Missouri case law rejects that view. Verdicts need not be consistent. *State v. Clemons,* 643 S.W.2d 803, 805–806 (Mo. banc 1983); *State v. Doney,* 622 S.W.2d 227, 229 (Mo.App.1981). Inconsistent verdicts among several charges require reversal only if there is insufficient evidence to support the jury's finding of guilt. *State v. Cross,* 699 S.W.2d 51, 54 (Mo.App.1985). If believed, the testimony of M.H. supported the submission and verdict on the charge of attempted sodomy. Perhaps the reason for this rule of law is that it is equally likely that the guilty verdict is "right" and the not guilty verdict is in error.

Defendant also relies on a number of claims of trial court error to justify a new trial. He claims he was denied a fair trial when the court permitted the state to amend the information and allege that the crimes occurred sometime in the month of March when the original information speci-

fied March 16; that the court erred in allowing the arresting officer to testify about a pre-*Miranda* statement of defendant that he did not know M.H.; that the prosecutor was permitted to commit the jury to a position adverse to defendant during voir dire examination i.e., that they could convict even if the state could not prove a specific date of the offenses; that the court erred in refusing to permit an unendorsed witness, defendant's father, to testify about physical characteristics of his home so as to contradict the description of M.H.; and, that the trial court erred in sustaining the state's motion in limine to keep out any evidence of defendant's exemplary military and work record and in refusing a character instruction.

 The state was permitted to amend the information and generalize the date of the offenses. This occurred after defendant notified the state it would rely on the defense of alibi and after a deposition of M.H. In the deposition, M.H. was specific on the date. Where time is not of the essence *of the offense* an indictment or information will be upheld even if the statement of the charge omits to state the time of the offense, § 545.030.1(5) RSMo 1978. "Any information may be amended or substituted for an indictment any time before verdict or finding if no additional or different offense is charged and if a defendant's substantial rights are not thereby prejudiced." Rule 23.08.

The trial court permitted the state to amend approximately two months before trial. Clearly the amendment deprived the defendant of the full benefit of an alibi on the date of March 16, 1984. However, it neither charged a different offense nor was time of the essence of the offense itself. The crimes could have occurred on any date in the month of March. The issue was whether the offenses occurred and not when they occurred. Defendant was not prejudiced in a legal sense by the amendment. The alibi defense remained and the record offered defendant the opportunity to question credibility of M.H. who was, at first, specific on the date and thereafter in doubt. At trial M.H. narrowed the possible dates of the crime to a Wednesday or Friday during the month of March and prior to March 28, 1984. Defendant would have been prejudiced as a matter of law only if, on the facts, the crime must have been committed on March 16, 1984. But time was not of the essence of the offenses. Further, the defendant was not prejudiced because the state was authorized in the event the trial court refused to permit amendment to dismiss the charges and refile the same charges in the amended form.

 We reject defendant's claim of error relating to testimony of the arresting officer that at that time defendant denied knowing M.H. The implication is that defendant may be guilty because the statement was incriminating as untrue. The arresting officer told defendant at the time of the arrest that he was not to contact M.H. which evoked defendant's statement. There is no contention that this constituted a planned trick or device to obtain an admission. At the time of the statement the defendant had been arrested, but was not the subject of interrogation. For that reason, *Miranda v. Arizona*, 384 U.S. 436, 444, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694 (1966) and *State v. O'Toole*, 619 S.W.2d 804, 810 (Mo.App.1981) are not applicable. A voluntary or spontaneous statement is not excludable on the authority of these cases. *State v. Mouser*, 714 S.W.2d 851, 856 (Mo.App.1986). The statement was incriminating, but voluntary. It was admissible as an admission against interest. *State v. Abercrombie*, 694 S.W.2d 268, 270 (Mo. App.1985).

Defendant's next point relates to a question by the prosecuting attorney during voir dire. The trial court denied defendant's motion for mistrial which was triggered when the prosecuting attorney asked the panel, "As the Judge has explained to you, the state has alleged this crime has occurred sometime during March of 1984. Is there anyone here who would find the defendant not guilty simply because the state cannot prove that it happened on any specific date?" Defendant's immediate objection that the prosecuting attorney was asking the panel to commit themselves to specific evidence was sustained. Defendant pressed the point by arguing further to the court that on the critical, determinative and pivotal issue touched by the question

the prosecutor had removed the possibility that the jury could find defendant not guilty on the date issue alone. Defendant then requested a mistrial. The prosecuting attorney defended the question on the ground that it was directed toward the form of the charge in the information and the state needed to know if a member of the panel would automatically vote not guilty regardless of the evidence. Defendant's motion for mistrial was then denied.

For a number of reasons we reject this claim of error. First, on the question of law a mistrial is a drastic remedy which is to be used only in cases of grievous error. *State v. Cooper*, 691 S.W.2d 353, 357 (Mo.App.1985). Absent a showing of clear abuse and substantial prejudice resulting to the defendant, a reviewing court will not reverse a trial court's exercise of its discretion. *Id.* at 357. The verdict of not guilty on the charge of sodomy indicates that the jury was not committed by the question to a position which resulted to defendant's detriment. Second, the trial court sustained the objection. Third, the general charge in the information has been approved as sufficient to state a charge.

We do not approve the form of the question. However, the subject matter of the question is understandable and not inherently prejudicial. It would have been better if the state had informed the panel that the charge was "March, 1984" and then inquired whether that would present any problem in determining guilt or innocence depending upon all of the evidence.

Defendant also claims error when the court refused to strike prospective juror Stein for cause. The circumstances of the request to strike are determinative of the issue. Apparently, the same charges were presented to a jury at a prior trial resulting in a mistrial. By chance or misfortune some of the veniremen at the first trial were present as veniremen in the present trial. The prior panel members were excused. One of the panel members discussed developments in the present trial with venirewoman Stein who was called to replace excused venirepersons. She was examined by counsel and the court and disclosed that venireman Gregory had

pointed out to her who the attorneys for the state and the defendant were. She told the court that Gregory did not tell her any specifics of the case and that she did not believe anyone else heard the conversation. At the close of the voir dire the trial judge made a request of counsel for both sides for any requests to challenge for cause. The court granted all challenges offered by both sides. At that time defendant did not challenge venirewoman Stein. The challenge occurred *after* both sides had exercised their peremptory challenges. The request when made was in reality a motion for mistrial.

We recognize defendant's right to a full panel of qualified jurors. The right is fundamental. *State v. Hopkins*, 687 S.W.2d 188, 190 (Mo. banc 1985). A legitimate request must be honored. The trial court may not refuse a legitimate request to strike for cause a prejudiced venireperson. *Id.* at 190. We also recall the rule regarding the circumstances of mistrial previously discussed.

In the present case we reject defendant's claim of error. First, we find nothing in the record to support the contention that juror Stein was not impartial. Second, where an experienced trial judge offered an opportunity to challenge venirewoman Stein for cause before the jury was selected and no challenge was made defendant will not be heard to complain after selection of the jury. Third, the not guilty verdict on the more serious sodomy charge casts doubt on any resulting prejudice.

We now face two claims of error relating to the exclusion of evidence. First, defendant argues that the court erred in failing to permit defendant's father to testify. He was not an endorsed witness prior to trial. In response to the state's motion for discovery under Rule 25.05(A)(2), the defendant did not include defendant's father as a proposed witness. Under these circumstances the trial court has discretion in determining whether a witness should be permitted to testify and we review only for an abuse of discretion which results in fundamental unfairness. *State v. Barrett*, 710 S.W.2d 489, 490 (Mo. App.1986).

The record before us indicates that the testimony of defendant's father would have been merely cumulative at best and possibly irrelevant. Counsel for the defendant informed the court that the place of the alleged occurrence was the home of the proposed witness; defendant did not reside there on March 16, 1984; and, the room was different than M.H. described it in a statement given on September 11, 1984. This is the sort of evidence which is covered by the endorsement rule. All of the offered facts were known or could have been known by defendant before trial. Conclusively, none of these facts were new or different than the evidence at trial. The interior of the home of the witness had been described by both state and defense witnesses. We find no abuse of discretion nor any fundamental unfairness in the ruling of the trial court.

Finally, defendant contends that he was entitled to show that he was a law abiding person with good "traits" and for this reason he was unlikely to have committed the crimes charged. *State v. Hendrix*, 699 S.W.2d 779, 780 (Mo.App.1985). In addition, defendant claims the court erred in failing to give defendant's offered instruction on character.

We review this claim of error only as a matter of plain error. The issues involved were not presented to the trial court. Further, the offered instruction has not been reproduced for this court in defendant's brief. Rule 30.06(e). In order to succeed on a claim of plain error defendant must make a strong showing that the alleged error affected substantial trial rights and amounted to manifest injustice. Rule 30.20; *State v. Arnold*, 676 S.W.2d 61, 63 (Mo.App.1984).

Evidence of reputation "as to those traits of character which ordinarily would be involved in the commission of an offense such as that charged" may be offered by defendant. *State v. Hendrix*, 699 S.W.2d at 780. In the *Hendrix* case, the charge was assault and the offer of evidence was that defendant had a reputation as a peaceable and law-abiding person. The rejected evidence in the present case related to defendant's record of military service and at his place of employment. No connection has been made between amiable qualities either in the military service or in civilian employment and the traits relating to the present charge. Given the nature of the charges and the facts adduced at trial, defendant's military and work records would have no tendency to prove or disprove his involvement in the charged crimes. We find neither trial court abuse of discretion in denying the evidence, *State v. Rayford*, 646 S.W.2d 137, 141 (Mo.App.1983) nor any manifest injustice. In addition, the trial court excluded the evidence by sustaining a pretrial motion in limine. At trial no offer of proof was made to preserve the claim for admission of the evidence. Finally, evidence of general good character not restricted to the traits of character involved in the crime are not admissible over objection. *State v. Heinz*, 607 S.W.2d 873, 877 (Mo.App.1980).

We affirm.

PUDLOWSKI, P.J., and CRANDALL, J., concur.