STATE of Missouri, Respondent,

v.

Anthony HACKNEY, Appellant.

No. 53423.

Missouri Court of Appeals, Eastern District, Division One.

April 19, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 25, 1988.

Holly G. Simons, Asst. Public Defender, St. Louis, for Appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant was convicted by a jury of first degree robbery, armed criminal action and unlawful use of a weapon. He was sentenced as a prior and persistent offender to twenty years for robbery, fifteen years for armed criminal action, to be served consecutively, and ten years for unlawful use of a weapon to be served concurrently. Defendant appeals the robbery and armed criminal action convictions alleging the evidence was insufficient to show property was taken from the victim's possession. We affirm.

When reviewing a claim of insufficiency of the evidence to support a conviction, we regard the evidence in the light most favorable to the verdict and afford it all favorable inferences to be drawn therefrom. *State v. Knabe*, 538 S.W.2d 589, 591[1] (Mo.App.1976).

The evidence adduced at trial consisted of the following: On August 4, 1986, victim and her husband were visiting St. Louis. They stopped at a service station to get directions, and victim waited on the passenger side of the car, while her husband went inside the station.

While victim was alone in the car, defendant approached her and asked what time it was. She told him 9:15 p.m. Next defendant walked to the driver's side of the car and again asked the time, and again victim answered. At that time, defendant opened the car door and pulled a gun from his pants stating "Your time's up...." Defendant then got into the driver's side of the car and told victim, "I'm taking your car, and give me your purse." There was a struggle over the purse, but when threatened with the gun, victim released the purse to defendant. Victim told defendant "[y]ou can't take my car," but when defendant told her she could go with him if she wanted to, victim fled the car and ran into the service station.

As victim told her husband what had happened, a police car pulled into the service station. Victim pointed defendant out to the officer. Defendant, at that point, was running away from the scene on foot. After a brief chase, defendant was apprehended and the gun was found where the officer observed defendant discard it. Victim identified defendant and the gun at the scene and at trial. Defendant admitted asking victim the time, but denied the rest of victim's story. Victim's purse was found inside the car.

The sole issue on appeal is whether the evidence was sufficient to show a "taking," an element of the crime of robbery. The "taking" is completed "the moment the offender wrongfully assumes complete dominion over the property of another inconsistent with the owner's right. The duration of the dominion is immaterial...." *State v. Beatty*, 617 S.W.2d 87, 90[4] (Mo. App.1981); *State v. Williams*, 597 S.W.2d 722, 723[1] (Mo.App.1980).

In this case, there was sufficient evidence to show defendant exercised complete dominion over victim's purse after the struggle. At that point, the crime was complete. The fact that defendant's ultimate goal was thwarted by the arrival of the police in no way changes the nature of his prior acts.

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.