**Anthony HACKNEY, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 55880.**

Missouri Court of Appeals, Eastern District, Division One.

Aug. 29, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 10, 1989.

Application to Transfer Denied Nov. 14, 1989.

Cheryl Rafert, St. Louis, for movant-appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for respondent.

SIMEONE, Senior Judge.

Movant, Anthony Hackney, appeals the order denying his Rule 29.15 motion. On April 28, 1987, movant was found guilty of robbery in the first degree, armed criminal action and unlawful use of a weapon. Movant was sentenced to twenty years for the robbery, a consecutive fifteen years for armed criminal action and a concurrent ten year term for unlawful use of a weapon. Movant's convictions were affirmed in *State v. Hackney,* 750 S.W.2d 621 (Mo.App. 1988).

On June 7, 1988, movant filed a *pro se* Rule 29.15 motion alleging nine grounds of ineffective assistance of counsel. On August 22, 1988, movant's appointed counsel filed an amended motion. On October 14, 1988, an evidentiary hearing was held. Thereafter the motion court issued findings of fact and conclusions of law denying movant's motion. This appeal follows.

Movant's sole point on appeal is that the court erred in denying the motion alleging various grounds of ineffectiveness of counsel. We affirm.

Our review is limited. "Appellate review of the trial court's action on the motion filed under this Rule 29.15 shall be limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 29.15(j); *Day v. State,* 770 S.W.2d 692 (Mo. banc 1989). The trial court's findings, conclusions and order are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Foster v. State,* 748 S.W.2d 903, 905 (Mo.App.1988); *Moton v. State,* 772 S.W.2d 689 (Mo.App. 1989); *Richardson v. State,* 719 S.W.2d 912, 915 (Mo.App.1986); *Armour v. State,* 741 S.W.2d 683, 688 (Mo.App.1987).

In order to prevail on a claim of ineffectiveness of assistance of counsel, a criminal defendant must show (1) that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances and (2) that he was thereby prejudiced. *Sanders v. State,* 738 S.W.2d 856 (Mo. banc 1987). The movant must make both showings. "A movant must satisfy *both* the performance prong and the prejudice prong to prevail on an ineffectiveness of counsel claim." *Sanders v. State, supra,* 738 S.W.2d at 857. (Emphasis in

original). To prevail, the movant has a heavy burden. The trial court, on a claim of ineffectiveness of counsel, must consider the totality of the circumstances. *Strickland v. Washington*, 466 U.S. 668, 691, 104 S.Ct. 2052, 2066, 80 L.Ed.2d 674 (1984).

■ Movant first claims his counsel was ineffective by failing to advise him of the repercussions of testifying. Movant, however, testified at the evidentiary hearing that his trial counsel told him that if he took the witness stand, his prior convictions would come out. His trial counsel also testified that she discussed all of movant's prior convictions with him. Thus, we fail to find error in the motion court's ruling. Credibility is for the trial court to determine.

Movant's next three points alleging ineffectiveness assert error in trial counsel's failure to make certain objections at trial. Movant contends that counsel failed to object to the questions of the prosecution which were leading and which bolstered the identification and in failing to object to questions regarding other crimes. The motion court found that these objections were without merit. We agree. *Street v. State*, 765 S.W.2d 630, 632 (Mo.App.1989); *Hudson v. State*, 612 S.W.2d 375, 378 (Mo.App. 1980).

The third allegation of error for failure to object was for an in-court identification of movant on grounds that there was no independent basis because the opportunity of the victim to see the robber was not established. The trial record, however, refutes the merits of the objection. The victim testified that she observed movant in a brightly lit area on two occasions. The motion court did not err.

Movant's next allegation of error is for his trial attorney's failure to request a lesser included offense instruction for robbery in the second degree. The motion court denied movant's claim stating that based on the evidence, the only submission possible was for robbery in the first degree.

■ A review of the trial transcript reveals movant's defense to be one of misidentification. Movant's trial attorney testified at the motion hearing that she did not request the lesser included instruction as a matter of trial strategy. Since the lesser included instruction is inconsistent with the defense asserted at trial, counsel's conduct did not fall below an objective standard for reasonableness. *See State v. Fischer*, 774 S.W.2d 495 (Mo.App.E.D.1989).

■ Movant next contends that his trial counsel was ineffective in stipulating to his prior convictions. The motion court found that the state could have easily proven the two prior felonies which were the subject of the stipulation. Both felonies were committed in Missouri. As we find no prejudice to have occurred in the stipulation, we find no error in the motion court's ruling.

Movant's next allegation asserts error in his trial attorney's failure to raise a double jeopardy claim. Movant contends that in convicting him of both unlawful use of a weapon and robbery in the first degree, he was subjected to double jeopardy. The motion court found that such a claim would have been groundless because the two crimes may properly be charged together. We agree.

A defendant may properly be convicted of several offenses arising from the same set of facts without invoking double jeopardy so long as the offenses are not identical. *State v. Bolen*, 731 S.W.2d 453, 457 (Mo. App.1987). Where one offense requires proof of an essential element or fact that is not required by the other offense, double jeopardy rights are not violated. *Id.* at 457–58.

■ Movant's conviction for unlawful use of a weapon required the state to prove that movant carried a concealed weapon. Movant's conviction for robbery in the first degree required the state to prove that movant forcibly stole the victim's purse. Thus, each offense required proof of an essential element and fact not required by the other. There was no violation of the double jeopardy clause and movant's ineffective assistance of counsel claim is without merit.

Movant's next claim alleges error in his trial attorney's failure to object to a certain

portion of the prosecuting attorney's closing argument.[1] Movant has failed to show any prejudice resulted from the failure to object and decisions on whether or not to object are left to the discretion of the trial counsel. *Coleman v. State,* 621 S.W.2d 357, 360 (Mo.App.1981).

Movant's final point on appeal alleges ineffectiveness where his appellate counsel failed to appeal the unlawful use of a weapon conviction. A claim alleging ineffective assistance of appellate counsel is ordinarily not congnizable on a Rule 29.15 motion, and thus will not be addressed. *Ball v. State,* 768 S.W.2d 631 (Mo.App.1989).

Having examined the points raised by the motion and the record, we conclude that the order of the motion court denying relief was not clearly erroneous.

The judgment is affirmed.

GARY M. GAERTNER, P.J., and CRIST, J., concur.

---

**1.** This issue was presented in movant's *pro se* motion and adopted by the amended motion but was not discussed at the hearing. This point was not mentioned in the denial order but is deemed denied.