Vernon Richard CASE,
Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 16203.

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 17, 1989.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Dec. 8, 1989.

James R. Schumacher, Asst. Public Defender, Springfield, for movant-appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

PREWITT, Judge.

Movant was convicted of sodomy, § 566.060, RSMo Supp.1984, upon his son and assessed punishment at fifteen years' imprisonment. He filed a motion under Rule 29.15, seeking to vacate the conviction. Following an evidentiary hearing the trial court made findings of fact, conclusions of law and entered judgment denying the motion. Review of the trial court's order is limited to determining whether the

findings and conclusions were clearly erroneous. Rule 29.15(j).

On appeal movant contends that the trial court erred in denying his motion as he was denied effective assistance of counsel because his trial counsel in the criminal matter failed to "investigate, subpoena and call defense character witnesses".

Movant had the burden of proving his grounds for relief by a preponderance of the evidence. Rule 29.15(h). "To sustain a claim of ineffective assistance of counsel movant must establish that there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different; a reasonable probability being a probability sufficient to undermine confidence in the outcome." *Tatum v. State*, 693 S.W.2d 903, 904 (Mo.App.1985).

Credibility of the witnesses is generally a matter for the trial court's determination to which this court gives considerable deference. *Pool v. State*, 670 S.W.2d 210, 211–212 (Mo.App.1984). See also *Trimble v. State*, 588 S.W.2d 168, 170 (Mo.App.1979) (trial judge could disbelieve testimony, even when uncontradicted).

█ Deciding which witnesses to call is trial strategy which generally does not provide an adequate basis for an attack on the competency of counsel. *Hulsey v. State*, 631 S.W.2d 368, 370 (Mo.App.1982). To establish ineffective assistance of counsel for failure to investigate, subpoena, and call witnesses, movant had to prove that the witnesses could have been located through reasonable investigation, that they would have testified if called, and that their testimony would have provided a viable defense. *Hogshooter v. State*, 681 S.W.2d 20, 21 (Mo.App.1984).

█ The only persons who testified at the evidentiary hearing on the motion regarding the "character witnesses" were movant and his former wife. The daughter also testified but not in regard to any present issue. Movant and his former wife testified that she gave a list of potential witnesses to movant's attorney. She said they were "more or less character witnesses" but she did not know what they would have testified to regarding movant's character. She said that "most" of the people on the list could have been located within the Springfield area but she did not remember all of them. Her testimony indicated that all or a part of the persons on the list were people who had regularly attended Baptist Temple with she and movant.

Movant testified that those people on the list would have aided his case because they would show his "reputation, what it is, and my character and my honesty and to obey the law and to get along with people and try to do right and to help people when possible and we were faithful church going people."[1] Movant acknowledged that he testified at the criminal trial that he was "a church going member" and that his children also testified there that he "took them to church usually on Wednesday and Sunday".

Movant did not establish that these witnesses could have been located, that they would have testified, or what they might have said. Thus, it was not established that they would have helped movant's defense nor that their testimony might have affected the result of the criminal case. There was evidence at the hearing on the motion that at least one or more other members of the church testified for the state and trial counsel may have determined that calling all or most of those on the list would be adverse rather than favorable.

In addition, even if the attorney had determined that these witnesses might have given testimony favorable to movant, there may have been other reasons that trial strategy could have been not to call the witnesses. There was testimony in the criminal trial regarding sexual activities which movant forced upon his daughter, including having her pose in the nude as done in "Playboy" magazine. Defense counsel might have feared that the state

---

1. Whether these are traits which might bear on the guilt or innocence of the crime charged we need not decide. See *State v. Mahaffey*, 676 S.W.2d 20, 23–24 (Mo.App.1984).

would attempt to cross-examine these witnesses about this or other misconduct.

The general rule allows the state to cross-examine a character witness about a defendant's specific misconduct for the purpose of testing the trustworthiness, knowledge, and good faith of the witness. *State v. Hendrix,* 699 S.W.2d 779, 782 (Mo. App.1985). A state may even be able to inquire into rumors concerning the character of the defendant. *Id.*

Movant did not establish his right to relief by a preponderance of the evidence. The findings and conclusions of the trial court are not clearly erroneous.

The judgment is affirmed.

CROW, P.J., and GREENE, J., concur.