**Anthony HACKNEY, Appellant,**

**v.**

**Bill ARMONTROUT; William Webster, Appellees.**

**No. 91–1674.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 12, 1991.

Decided April 28, 1992.

Rehearing Denied June 8, 1992.

Curtis L. Blood, Collinsville, Ill., argued, for appellant.

John P. Pollard, Asst. Atty. Gen., Jefferson City, Mo., argued, for appellees.

Before McMILLIAN, Circuit Judge, BRIGHT, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

PER CURIAM.

Anthony Hackney appeals from a final order entered in the United States District Court[1] for the Eastern District of Missouri denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Hackney was found guilty in Missouri state court of robbery, armed criminal action, and unlawful use of a weapon. He was sentenced to a prison term of twenty years on first degree robbery, a consecutive fifteen years for armed criminal action, and a concurrent ten years for unlawful use of a weapon. For reversal of the denial of his writ of habeas corpus, Hackney argues that the district court erred in (1) not finding his trial counsel constitutionally ineffective and (2) not finding the evidence of robbery insufficient to convict. For the reasons discussed below, we affirm the decision of the district court.

At his state court trial, the primary evidence against Hackney came from victim Barbara Hamm. Barbara Hamm testified that she was waiting in her car while her husband Mark Hamm went into a service

1. The Honorable John F. Nangle, Senior United States District Judge for the Eastern District of Missouri.

station to ask for directions. A young black man asked her the time twice. The man then entered her car, displayed a gun and grabbed her purse. Following a struggle, Barbara Hamm left her purse and keys in the vehicle and ran. A police car entered the parking lot and Barbara Hamm told the officer what had happened and pointed to the perpetrator, who was fleeing. The police officer chased the man and observed him drop a pistol. The officer caught the man, who was later identified as Hackney, and Barbara Hamm identified him as her assailant. Hackney testified in his own defense at trial and admitted asking Barbara Hamm for the time, but denied having a gun, entering the car, or attempting to rob her.

Hackney appealed and his conviction was affirmed by the Missouri Court of Appeals on direct appeal. *State v. Hackney*, 750 S.W.2d 621 (Mo.Ct.App.1988). Hackney's state petition for post-conviction relief was denied, and this denial was affirmed. *Hackney v. State*, 778 S.W.2d 776 (Mo.Ct. App.1989). Hackney then filed his petition for a writ of habeas corpus to the district court which was denied.

Hackney first argues that his trial counsel was ineffective and lists eight specific incidents of ineffectiveness.[2] We have carefully reviewed Hackney's arguments and agree with the district court that each lacks merit.

Hackney next argues that the evidence was insufficient to convict him of robbery because nothing was taken from the Hamm's automobile. The state argues that at one point Hackney forcibly took Barbara Hamm's purse and that is sufficient to prove robbery. We have reviewed the record and agree with the district court that there was sufficient evidence for the jury to find Hackney guilty of robbery.

Accordingly, we affirm the district court's denial of Hackney's petition for a writ of habeas corpus. *See* 8th Cir.R. 47B.

---

**2.** Hackney argues that his trial counsel was ineffective for failing (1) to object to the prosecutor's improper argument about the police's right to shoot Hackney; (2) to request a lesser-included offense instruction; (3) to inform Hackney that all of his prior criminal offenses would be brought before the jury if he testified; (4) to object to the in-court identification of Hackney by the victim Barbara Hamm; (5) to object to the evidence that Hackney gave the police an alias when asked to give his name; (6) to object to Mark Hamm's testimony that his wife was upset or distressed by the incident; (7) to inform Hackney of the consequences of stipulating that he had two prior felony convictions; and (8) to raise a double-jeopardy objection based on the convictions for first-degree robbery and unlawful use of a weapon.