**STATE of Missouri, Respondent,**

v.

**Rodney CARTER, Appellant.**

No. 62534.

Missouri Court of Appeals,
Eastern District,
Division Seven.

Aug. 10, 1993.

Cynthia Howlett, Shaw, Howlett & Knappenberger, Clayton, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., David B. Cosgrove, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

A jury convicted defendant of one felony count of possessing cocaine and one misdemeanor count of possessing marijuana, both in violation of § 195.020 RSMo 1986 (repealed effective 1989). He was sentenced to a term of imprisonment of five

years on the felony and fined $500 on the misdemeanor. Defendant raises two points of trial error on direct appeal. He asserts the trial court committed prejudicial error by: (1) denying his renewed motion to suppress evidence of drugs because of a chain of custody problem; and (2) sustaining the state's objection to his attempt to endorse two defense witnesses on the day of trial. To the extent defendant's points are preserved, they are without merit.

The evidence supported a verdict finding defendant was driving near the 10000 block of Natural Bridge around 1:00 a.m. on June 28, 1989. He was pulled over by a Woodson Terrace police officer for having high head light beams activated. Officer Halstead testified defendant threw a clear plastic bag to the ground as he exited his car. The officer retrieved the bag and discovered it contained a small amount of marijuana. Another officer had joined Officer Halstead and proceeded to pat down the defendant pursuant to arrest. The pat-down search revealed a piece of folded paper containing cocaine in defendant's pants pocket. The officers took defendant to the police station where they issued a ticket for the driving violation. They seized defendant's car, jewelry, and over $500 cash. Defendant had been accompanied by two passengers when he was pulled over. Neither testified at trial.

Defendant states his first point as follows:

THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN OVERRULING DEFENDANT'S OBJECTION AND THE RENEWAL OF HIS MOTION TO SUPPRESS EVIDENCE OF DRUGS ALLEGEDLY SEIZED FROM THE [DEFENDANT] AFTER TESTIMONY FROM THE OFFICERS REVEALED THAT THE EVIDENCE, WHICH IS PURPORTEDLY PACKAGED BY LT. TAYLOR, BORE THE INITIALS R.H., WHICH ARE THE INITIALS OF THE OTHER OFFICER. THE OTHER OFFICER TESTIFIED THAT HE DID NOT PLACE THE DRUGS IN THE PACKAGING AND THAT HE DID NOT PLACE HIS INITIALS ON THE PACKAGING.

Without objection the trial court announced defendant's motion to suppress evidence would be heard along with the evidence at trial. However, during the testimony of Officer Halstead, the state offered into evidence the bag of marijuana and cocaine wrapped in paper that defendant was charged with possessing, and it was received without objection. During the testimony of Lieutenant Taylor, the state offered a police department evidence sheet demonstrating chain of custody of the exhibit from seizure to trial. It was received without objection. Finally, during the testimony of a crime laboratory supervisor, the state offered a suspected controlled substance report into evidence. It was also received without objection.

The crux of defendant's point on appeal relates the testimony of Officer Halstead on cross-examination that the markings on some item are not in his own handwriting. Defendant does not make clear in the record or brief the item to which he refers. On redirect, Officer Halstead testified that the evidence receipt demonstrating the chain of custody was signed by Lieutenant Taylor.

■ Neither defendant's written motion to suppress the drug evidence which was filed on the day of trial, nor his "renewed" oral motion at the *close of the state's case* mentioned a chain of custody problem. Both motions were based on defendant's unproven theory that the traffic stop was pretextual and the resulting search of defendant and alleged seizure of drugs were illegal. The first mention of this point occurs in defendant's motion for a new trial. The defendant's charge of "prejudicial error" is reviewable only for plain error in the absence of timely objections at trial on the same ground preserved on appeal.

■ Defendant's reliance on *State v. Weber*, 768 S.W.2d 645 (Mo.App.1989), where chain of custody was not sufficiently proven to give reasonable assurance that the item offered was not substituted for the original item that was seized, is misplaced. *Weber* was a case of preserved

error. In *Weber*, the prosecutor failed to ask who put the markings on the exhibits and whether they were substantially in the same condition when they were presented at trial as they were when seized. *Id.* at 648. The defendant in *Weber* raised a timely objection to the chain of custody as the items were offered into evidence. *Id.* Neither failure occurred and no objection was made here. The exhibits were the items seized from defendant. No manifest injustice or miscarriage of justice has occurred. Rule 30.20. Point denied.

Defendant states his second point as follows:

THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN REFUSING TO ALLOW THE DEFENDANT TO ENDORSE WITNESSES LINDA JOHNSON AND HER DAUGHTER, RACQUEL JOHNSON, ON THE GROUNDS THAT THERE WOULD HAVE BEEN NO PREJUDICE TO THE STATE AS THE STATE'S OWN WITNESSES KNEW OF THE EXISTENCE OF THE DEFENSE WITNESSES, AND ... EXCLUSION OF THE TESTIMONY DENIED THE DEFENDANT THE ABILITY TO PRESENT EVIDENCE IN HIS OWN BEHALF, EFFECTIVE ASSISTANCE OF COUNSEL, EQUAL PROTECTION OF THE LAW, AND DUE PROCESS AS GUARANTEED BY THE MISSOURI STATE CONSTITUTION, ARTICLE I, SECTIONS 2, 10, AND 18(a), AND AMENDMENTS 5, 6, AND 14 OF THE UNITED STATES CONSTITUTION.

Rule 25.05(A)(2) requires defendant, upon written request by the state, to disclose to counsel for the state the names and last known addresses of persons, other than defendant, whom the defendant intends to call as witnesses at trial, inasmuch as such information is within defendant's possession and control. Defendant does not deny a timely request or his failure to comply up to the day of trial.

▇ Normally, trial court has discretion in determining whether witnesses who were not endorsed prior to trial should be permitted to testify, and we review only for abuse of discretion which results in fundamental unfairness. *State v. Bolen*, 731 S.W.2d 453 (Mo.App.1987). For these reasons we find no abuse of discretion and deny this point.

▇ First, the trial court did not summarily deny the motion. On the morning of trial, before voir dire began, the court entertained and overruled defense counsel's attempt to endorse two witnesses who were in defendant's car at the time he was pulled over on the evening in question. The prosecutor objected because of the age of the case and because he had no knowledge of the two witnesses. The court initially postponed its ruling to give the defendant a chance to have the witnesses arrive by 12:00 noon and be questioned. When the witnesses had not arrived by 1:40 p.m., the court sustained the state's motion that the witnesses should not be allowed to testify. Before the court's ruling, defense counsel had stated that she had been unsuccessful in attempting to contact the witnesses and that their availability was speculative.

Second, defendant made no offer of proof as to what the testimony of the two witnesses would have been. In fact, nothing in the record indicates these witnesses would ever have shown up or been available to appear.[1] Furthermore, defendant never objected during trial or closing argument to any mention of his girlfriend who was his passenger at the time of arrest.

Finally, defendant failed to cite any case authority for this point in his brief. "Inasmuch as the defendant has cited no authority and has offered no explanation why precedent is not available, the [point] must be considered waived or abandoned." *Freeman v. State*, 765 S.W.2d 334, 335 (Mo. App.1989) (referring to post-conviction pro-

---

**1.** In his motion for new trial and brief defendant alleged one of the witnesses appeared at 9:00 a.m. the following day and the court refused to allow her testimony. There is nothing in the record to support the allegation.

ceedings). For each of these reasons, point denied.

We affirm.

PUDLOWSKI and CRANDALL, JJ., concur.